UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCO M. TORRES,

       Plaintiff,

v.                            Case No. 8:08-cv-1605-T-33MSS

THOMAS B. MCCOUN, III,

       Defendant.

_____/

## ORDER

This matter comes before the Court sua sponte.  Plaintiff filed his pro se complaint against the Honorable Thomas B. McCoun, III, United States Magistrate Judge, on August 15, 2008. (Doc. # 1).  Plaintiff also filed his Affidavit of Indigency, construed as a Motion for Leave to Proceed In Forma Pauperis (Doc. # 2) and his Motion for Appointment of Counsel (Doc. # 3), on August 15, 2008.

On August 21, 2008, this Court evaluated Plaintiff's submissions and determined that Plaintiff's complaint was frivolous. (Doc. # 6).  This Court dismissed Plaintiff's complaint with prejudice and denied Plaintiff's motion to proceed in forma pauperis and motion for appointment of counsel. (Doc. # 6).  The Court made the following findings in its August 21, 2008 Order, among other findings:

> In addition to filing patently frivolous complaints against federal judges and the Middle District of Florida (8:08-cv-1605-T-33MSS; 8:08-cv-1486-T-33TGW), Plaintiff has also filed frivolous suits against Clerk's office staff (8:08-cv-1608-T-26TBM; 8:08-cv-1609-T-33EAJ). Furthermore, Plaintiff filed suit against the Tampa Police Department, and this Court dismissed the complaint without prejudice for failure to state a claim (8:08-cv-

1008-T-27TMB).  Plaintiff's litigation is vexatious and interferes with this Court's proper administration and execution of Article III duties.

(Doc. # 6).

Upon these findings and consistent with Eleventh Circuit law, this Court required Plaintiff to show cause within ten days, in writing, why a Martin-Trigona injunction should not be entered. (Doc. # 6).  This Court explained that such an injunction may be entered to "defend the judicial system from abuse" and "to protect against abusive and vexatious litigation." Martin-Trigona v. Shaw, 986 F.2d 1384, 1386 (11th Cir. 1993).  In Martin-Trigona v. Shaw, the Eleventh Circuit ruled that "federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Id. at 1386-1387 (citing Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986)).

The Eleventh Circuit limits this Court's power to restrict litigants as follows: "The only restriction that this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from any access to the court," Martin-Trigona v. Shaw, 986 F.2d at 1387 (citing Procup, 792 F.2d at 1074)(emphasis in original)).

This Court's Order warned Plaintiff that if he failed to respond to the Order to show cause, this Court would enter the following injunction:

> No future action brought by Plaintiff Torres will be initially received for filing by the Court's Clerk. Rather, the action will be reviewed and screened by the senior Magistrate Judge in the division in which the action is sought to be filed/ The Magistrate Judge will determine whether the action has arguable merit. In the event the senior Magistrate Judge's preliminary review results in a finding that Plaintiff's action is frivolous, that action will not be filed with the Court but instead will be returned to Plaintiff Torres. Upon such a finding, Plaintiff Torres will be subject to sanction including monetary assessment. See In re Roy Day Litigation, 976 F. Supp. 1460 (M.D. Fla. 1995).

(Doc. # 6 at n. 1).

Plaintiff failed to respond to the Court's August 21, 2008 Order to show cause (Doc. # 6). Based upon Plaintiff's record of filing frivolous lawsuits and in an effort to safeguard the efficient performance of judicial duties by this Court without completely barring Plaintiff from access to the Court, the Court shall issue a Martin-Trigona injunction as follows.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

No future action brought by Plaintiff Torres will be initially received for filing by the Court's Clerk. Rather, the action will be reviewed and screened by the senior Magistrate Judge in the division in which the action is sought to be filed. The Magistrate Judge will determine whether the action has arguable merit. In the event the senior Magistrate Judge's preliminary review results in a finding that Plaintiff's action is frivolous, that action will not be filed with the Court but instead will be returned to Plaintiff Torres. Upon such a finding, Plaintiff Torres will be

subject to sanction including monetary assessment.  See In re Roy Day Litigation, 976 F. Supp. 1460 (M.D. Fla. 1995).

   **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of September, 2008.

                    VIRGINIA M. HERNANDEZ COVINGTON
                    UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record